JOHN S. READ v. PENNSYLVANIA RAILROAD COMPANY.

1. In an action for the recovery of damages resulting from a fire kindled upon the property of the defendants, it is necessary that the plaintiff should show that the fire was unlawfully kindled, or negligently kindled or guarded.

2. Where the servants of a railroad company left, in a house where the oil used by the company was kept, a stove red-hot or so adjusted that it would speedily become red-hot, around which was scattered inflammable waste, and upon which was a can of oil, the jury were warranted in finding that the conduct of the defendants' servants was negligent.

3. It was not erroneous to overrule an offer by the defendants to prove what instructions were given by them to their servants relative to the care of the stove and the contents of the oil-house, inasmuch as the ground of plaintiff's case was the negligence of the servants.

---

On rule to show cause why a new trial should not be granted.

Argued at November Term, 1881, before the CHIEF JUSTICE and Justices SCUDDER, REED and MAGIE.

For the rule, *P. L. Voorhees.*

*Contra, S. H. Grey.*

The opinion of the court was delivered by

REED, J.   This action was brought by the plaintiff to recover the amount of damages sustained by him by reason of the destruction of property on February 24th, 1873, from

fire, communicated to it from a burning building belonging to the defendants. In this building the fire had its origin. The building was the car-inspector's room, and was used for the storage of tools, oil and waste.

It was about twelve feet square, and in it was a stove, the heat from which was essential to preserve the fluidity of the oil during cold weather.

On the morning when this fire occurred, the men who used the oil-cans had left the house locked with a fire in the stove, and it was suddenly discovered that the structure was in flames, and before the door could be opened and the progress of the flames arrested, they had gained such headway as to eventually destroy the structure, and, spreading to the building of the plaintiff, also destroyed it and its contents.

At the trial of the cause at the Circuit, a motion to non-suit was made and overruled. It is now insisted that this refusal was an erroneous ruling, and that, upon the case as made, no legal responsibility is fixed upon the defendants for the destruction of the property of the plaintiff.

It is insisted on the part of the counsel for the defendants, that no responsibility arises from an accidental conflagration beginning upon the defendants' property, and that no negligence upon the part of the defendants or their servants appears in the case.

In the course of the discussion the operation of the statutes 6 *Anne*, *c.* 31, and 14 *Geo. III.*, *c.* 78, was adverted to in reference to their effect upon the question of responsibility in this case.

The statute of Anne provides that " no action, suit or process whatsoever shall be had, maintained or prosecuted against any person in whose house or chamber any fire shall accidentally begin, or any recompense be made for such person for any damage suffered or occasioned thereby." This statute refers only to fires originating in a habitation, and obviously does not cover the present case, where the fire had its origin in a storage-house of the company.

By the statute of 14 *Geo. III.*, the provision of the preceding

act was extended to fires accidentally originating in a stable, barn or other outbuilding.

The act of Anne was incorporated in the compilation made by Judge Paterson, and appears as the last section in the statute for the prevention of waste. *Rev.*, *p.* 1236, § 8.

The act of *Geo. III.* was never re-enacted in this state, and in view of the fact of its omission from the compilation of statutes just alluded to, it never became a part of the law of this state.

It is, therefore, unimportant in the discussion of this case what may be the true construction of these statutes as to the signification of the word "accidental." Whether the earlier meaning accorded to the word "accidental" by Sir William Blackstone, who gave it a wider significance than the mischance of the common law, or the later announcement in *Filliter* v. *Phippard*, 11 *A. & E. (N. S.)* 346, that "accidental" means simply not arising from negligence, is the more desirable rule, may be a matter for future decision.

The rule which is to guide us now is that furnished by the common law. Now, whatever the earlier impression may have been regarding the responsibility of a person who kindled a fire upon his premises for all resulting damages to his neighbors' property, the rule, as early as the decision in *Tuberville* v. *Stamp*, 1 *Salk*. 13, has been considered settled, that without a negligent kindling or guarding of a fire, no liability could be fixed upon a person from whose premises it spread and destroyed the property of another. *Vaughan* v. *Menlove*, 3 *Bing. N. C.* 468; *Filliter* v. *Phippard*, *supra;* *Clark* v. *Foot*, 8 *Johns.* 421; *Tourtellot* v. *Rosebrook*, 11 *Metc.* 460.

The unmodified liability which rests upon an unchartered company which undertakes to run along a narrow strip of land an engine emitting sparks, for all damages reasonably and proximately resulting therefrom, is not an exception to this rule, for the using of such an engine in this manner without legislative authority is a negligent act. *Whart. on Negligence*, § 868.

In this case the counsel for the defendants, properly assuming that the burden of showing that the fire in the defendants' building was negligently kindled or kept, contend that this essential element in the plaintiff's case does not appear in the evidence. I think, however, that there appears testimony which, if believed by the jury, fixes upon the servants of the defendants such a degree of imprudence in the management of the stove in their building, with its inflammable surroundings, as amounts to negligent conduct. It appears that the attention of the plaintiff and one Mellor was, at an early stage of the conflagration, attracted to this building by the appearance of smoke issuing from between the boards and from the cracks in the door. The door was fastened. The plaintiff says that there was a window in the east side of the building. He says : " When I looked through the window I saw the fire; I saw the stove red hot; I think it could have been put out if they could have got the door open ; I saw oil-cans around the stove; I saw an oil-can on the top of the stove; it was on fire."

The other witness, Jonas Mellor, says that upon seeing smoke issuing from the building he tried the door and found it pad-locked. He then looked in the window and saw the stove cherry-red with fire. He saw a can on top of the stove, but could not say what kind of a can ; saw waste around the stove. It had not ignited yet, but smoke was coming from the waste ; directly it broke out into flames.

Now, if this testimony be accurate, I think the jury could conclude that the servants of the defendants did not exercise the caution of persons of ordinary prudence under these circumstances. I think that no prudent person would leave unattended a red-hot stove, or a stove with its draft damper open, by reason of which it would speedily become red hot, upon which stove was standing a can of oil, and around it was scattered inflammable waste.

Whether this testimony was credible was a question for the jury. There seemed to exist nothing which made it physically impossible for the witnesses already mentioned to see

what they swear they saw, and while their testimony is in conflict with the testimony of the witnesses for the defence, it is impossible to say that the jury could not reasonably find that it was accurate.

I think that the trial justice was correct in refusing to nonsuit, and that we cannot set aside the verdict here upon the contention that there was no proof of negligence.

It is in the second point objected that the court, upon the trial, admitted inadmissible testimony.    It appears that a question was asked whether, at the time of the fire, the plaintiff made an appeal to some workmen, employed by the railroad, to tear down a shed between his property and the beginning point of the fire.

This was permitted in the face of an objection.    It was irrelevant, but its answer did not result in any injury to the defendants, for the succeeding question, which was an inquiry whether the workmen did tear down the shed, was overruled.

It is also objected that the court erred in overruling the offered instructions of the company to its servants in regard to the care of the stove and the contents of the oil-house.

But the case of the plaintiff is grounded, not upon any negligent act of the company in failing to properly instruct its employés, but in the actual negligence of its servants in the line of their employment in the control of the stove.

If they were negligent, then, whether they followed or violated their instructions was immaterial, as in either case the company were responsible.

The rule must be discharged, with costs.