COLONIAL LAND COMPANY, PLAINTIFF BELOW AND AP-PELLEE, v. ADOLPH ASMUS, DEFENDANT BELOW AND APPELLANT.

Submitted July 8, 1910—Decided November 3, 1910.·

In defending against an action for rent reserved in a lease, upon the ground that a building on the demised premises was injured or destroyed by fire without the fault of the defendant, under section 35 of the act relating to landlord and tenant (*Gen. Stat., p.* 1914), the burden is on the defendant to produce sufficient proof to raise a presumption that the fire happened through no fault of his, and where the trial court found as a fact that there was no such evidence, the defence is not made out.

On appeal from District Court.

Before Justices PARKER and BERGEN.

For the appellant, *J. Emil Walscheid.*

For the appellee, *James R. Bowen.*

The opinion of the court was delivered by

BERGEN, J.   This appeal from the First District Court of Jersey City questions the legality of a judgment against the defendant as a guarantor of rent reserved in a written lease between his principal and the plaintiff.   The record contains what counsel call "an agreed state of the case," which for the most part consists only of an abstract of the testimony, but a

single finding of fact by the court below appearing in it. The action was instituted to recover rent payable in advance maturing February 1st, 1910, and the defence set up is the destruction by fire of the principal building on the demised premises on January 15th, 1910, the claim of the defendant being that this terminated the lease. There is evidence from which it may be inferred that the building was destroyed, and that it was the principal building, but no such finding of fact by the court below appears in the record; still assuming this to be established, if the defendant would escape the force of his promise to pay rent it must appear that the fire happened "without the fault of the lessee." The defendant at the conclusion of the trial requested the court to direct a verdict in his favor "because of the total destruction of the club house," relying upon section 35 of the Landlord and Tenant act (*Gen. Stat., p.* 1923) in support of the motion. The situation at the time of the fire was this: Defendant's principal had leased from the plaintiff a tract of land containing about seventy-one acres, which was formerly used as a race track ground, and had on it a number of buildings; the largest and perhaps most valuable was the club house, which was the one destroyed by fire; some of the other buildings were slightly damaged, but many of them were not injured. The defendant claims that the total destruction of this building terminated the lease under the statute above mentioned, and that the act does not require in case of total destruction that it be without the fault of the lessee. The statute is as follows: "That whenever any building or buildings erected on leased premises shall be injured by fire without the fault of the lessee, the landlord shall repair the same as speedily as possible, or in default thereof the rent shall cease until such time as such building or buildings shall be put in complete repair; and in case of the total destruction of such building or buildings by fire or otherwise, the rent shall be paid up to the time of such destruction, and then, and from thenceforth, the lease shall cease and come to an end; provided always that this section shall not extend or apply to cases where the parties have otherwise stipulated in their agreement of lease." The defendant con-

tends that the words "without the fault of the lessee" only apply to the first part of the paragraph, which refers to an injury to buildings by fire, and not to the second subject of the paragraph, which refers to a total destruction. This argument is untenable, for the act is providing for two cases in which the rigor of the rule at common law is modified in favor of the tenant, and the plain legislative intent was that to have the benefit of either he must be without fault. As relief from payment of rent depends upon the injury to, or the total destruction of, the buildings on the demised premises, it is a defence which the defendant must prove if he would escape the payment of the rent according to his written agreement, and the burden is also his to show circumstances from which an inference may be drawn that the condition which he relies upon to relieve him was produced without his fault. The plaintiff declares on the promise to pay contained in the written lease, and the defendant answers that he is excused because the building has been either injured or totally destroyed by fire without his fault, and this he may support by evidence, which in the absence of counter testimony would afford ground for presuming that the injury to the building, or its total destruction by fire, happened through no fault of his. It need not, perhaps, be plenary, but it should be sufficient to justify such an inference. The only finding of fact in this case is that there is no proof that the sub-tenant holding under defendant's principal was without fault. In other words, the trial court found, as a fact, that one of the provisions of the statute necessary to excuse the payment of the rent was not proven, so for want of proof, from which a presumption may arise that the fire was without the fault of defendant's principal, a necessary element of defendant's case is wanting, and this requires that the judgment be affirmed.