COLONIAL LAND COMPANY, RESPONDENT, v. ADOLPH E. ASMUS, APPELLANT.

Argued June 7, 1911—Decided October 20, 1911.

The defendant became surety for the punctual payment of rent reserved in a lease; two of several buildings on the demised premises were totally destroyed by fire without the fault of the lessee or his sub-tenant; the landlord did not repair. *Held*, that under our statute (*Gen. Stat., p.* 1923, *pl.* 35), the rent ceased and the surety was not liable.

---

On appeal from District Court.

Before Justices SWAYZE and BERGEN.

For the defendant-appellant, *J. Emil Walscheid.*

For the plaintiff-respondent, *James R. Bowen.*

The opinion of the court was delivered by

SWAYZE, J. This action is brought against a surety to recover rent for March, 1910. Upon the demised premises were several buildings, two of which were totally destroyed by fire on January 15th, 1910.

The case differs from that presented in *Colonial Land Co. v. Asmus,* 51 *Vroom* 637, in that there is a special finding in the present case that the fire was without the fault of the lessee or his sub-tenant. It is important to have in mind exactly what the contract of the surety was. By its terms he became "surety for the punctual payment of the rent." By

the terms of the lease, to which express reference is made in the contract of the surety, the premises were demised "at the yearly rent of $4,000, payable in equal monthly payments in advance." The learned District Court judge gave judgment as the transcript certifies "for the month of March at the rate of $3,000 per annum." Obviously, this could not be the "rent" reserved by the lease; it seems to have been the value of the use and occupation after abating the rental value of the buildings destroyed. The surety, however, never agreed to become responsible for the value of the use and occupation of a part of the property, and it may well have been that the buildings destroyed were the very thing that induced him to become surety. He may have thought that the tenant with those buildings might conduct a profitable business and earn the rent, while without them he was foredoomed to failure. What he became responsible for was the "rent." If the tenant's obligation to pay rent had ceased, the surety's obligation was at an end. By our statute (*Gen. Stat., p.* 1923, *pl.* 35) it is enacted that whenever any building or buildings erected on leased premises shall be injured by fire without the fault of the lessee, the landlord shall repair the same as speedily as possible, or in default thereof, the rent shall cease until such time as such building or buildings shall be put in complete repair; and in case of the total destruction of such building or buildings by fire or otherwise, the rent shall be paid up to the time of such destruction, and then and from thenceforth the lease shall cease and come to an end." In dealing with the latter clause, .the Court of Errors and Appeals has held that the termination of the lease is not made dependent upon the rent being paid to the time of the destruction. *Carley* v. *Liberty Hat Manufacturing Co.,* 52 *Vroom* 502. In the present case it makes no difference whether the destruction of the two buildings be regarded as an injury which only suspends the rent, or as a total destruction which terminates the lease. There is a finding that the two buildings were totally destroyed and no finding that the landlord ever repaired; we must therefore assume that he did not repair. Such must be the fact since an abatement from $4,000 per annum to three

thousand was conceded. If so, the rent ceased, and it was the rent only for which the surety was responsible. If there was a total destruction within the meaning of the statute, the lease was at an end and there could be no future liability on the part of either principal or surety.

The judgment must be reversed and the record remitted for a new trial.