COLONIAL LAND COMPANY, DEFENDANT IN ERROR, v.
ADOLPH E. ASMUS, PLAINTIFF IN ERROR.

Argued June 28, 1911—Decided November 20, 1911.

1. Under the supplement of March 5th, 1874, to the Landlord and Tenant act (*Pamph. L.,* p. 27; *Gen. Stat.,* p. 1923, *pl.* 35), where the lessee relies upon either the injury or the total destruction of the building or buildings as a defence to an action for the rent, it must appear that the injury or destruction occurred without the fault of the lessee.

2. Where the tenant sublets the premises he makes the sub-tenant his representative to this extent, that in order to establish a defence against the claim of the landlord-in-chief for rent, based upon the injury or total destruction of the building or buildings, under the supplement of March 5th, 1874, to the Landlord and Tenant act (*Pamph. L.,* p. 27; *Gen. Stat.,* p. 1923, *pl.* 35), it must appear that the sub-tenant was without fault.

On error to the Supreme Court, whose opinion is reported in 51 *Vroom* 637.

For the plaintiff in error, *J. Emil Walscheid.*

For the defendant in error, *James R. Bowen.*

PER CURIAM.

This writ of error brings under review a judgment of the Supreme Court affirming the judgment of a District Court rendered against the defendant as guarantor of the rent reserved in a written lease made by the plaintiff to one Interman. The demised premises contained seventy-one acres of land, upon which had been constructed a race track, with stables and other structures, the principal and most valuable building being a club house. On January 15th, 1910, a fire occurred that resulted in the total destruction of the club house, the other leased buildings being only slightly injured. Some time prior to the fire Interman had sublet the club house, and the sub-tenant was in possession of it at the time of the fire.

The action was brought to recover an installment of rent for the month of February, 1910. The defence was rested upon that supplement to the Landlord and Tenant act (*Pamph. L.* 1874, *p. 27*; *Gen. Stat., p. 1923, pl. 35*), which enacts: "That whenever any building or buildings erected on leased premises shall be injured by fire without the fault of the lessee, the landlord shall repair the same as speedily as possible, or in default thereof the rent shall cease until such time as such building or buildings shall be in complete repair; and in case of the total destruction of such building or buildings, by fire or otherwise, the rent shall be paid up to the time of such destruction, and then and from thenceforth the lease shall cease and come to an end; provided, always, that this section shall not extend or apply to cases where the parties have otherwise stipulated in their agreement of lease."

We agree with the view expressed in the opinion delivered by Mr. Justice Bergen in the Supreme Court that the legisla-

tive intent disclosed in this enactment is that the tenant, in order to have the benefit of the act in case of either the injury or the total destruction of the building or buildings, must be without fault. We also agree that where the tenant sublets the premises he makes the sub-tenant his representative to this extent, that in order to work a defence as against the landlord-in-chief it must appear that the sub-tenant was without fault.

The Supreme Court appears to have proceeded upon the theory that the total destruction of one out of several buildings upon the leased premises would work a termination of the lease under the second branch of the section quoted from the statute. Whether this is the correct view, or whether, on the other hand, the destruction of one out of several buildings is to be treated as an "injury by fire" rather than a "total destruction," is a question that is not presented by this record, and upon it we express no opinion. In the recent case of *Carley* v. *Liberty Hat Manufacturing Co.*, 52 *Vroom* 502, there was a total destruction of the buildings upon the leased premises.

The judgment under review herein should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, VOORHEES, BOGERT, VREDENBURGH, CONGDON, WHITE, JJ.   10.

*For reversal*—None.