BELLA CHAUSMER, APPELLANT, v. HERMAN ARONS, RESPONDENT.

Argued January 16, 1929—Decided July 3, 1929.

Before Justices TRENCHARD, KALISCH and LLOYD.

For the appellant, *Joseph Zemel.*

For the respondent, *Fast & Fast.*

PER CURIAM.

This was an action by a landlord to recover three months' rent of premises on Springfield avenue, in Newark. There was judgment by the court for one month's rent only, amounting to $175, and from this judgment the plaintiff appeals.

From an agreed state of the case it appears that the tenancy was under a lease from August 5th, 1925, to August 31st, 1928, at the rental of $175 per month. The tenant paid the rent for the month of May, 1928, but refused to pay for June, July and August, 1928. The reason for this refusal was that on June 5th there was a fire which resulted in a partial destruction of the building on the leased premises. On June 6th plaintiff learned of the fire and made immediate offer to repair. The defendant, not having come to an agreement with his insurance carriers as to his damages, refused to permit the plaintiff to make the repairs until the early part of August, when permission was given and the repairs were begun and completed by September 1st. The defendant claimed abatement of the rent for the time necessary to make the repairs, and the plaintiff claimed that there should be no abatement. The lease contained this clause:

"That the tenant shall, in case of fire, give immediate notice thereof to the landlord, who shall thereupon cause the damage to be repaired forthwith; but if the premises be so damaged that the landlord shall decide to rebuild, the term shall cease and the accrued rent be paid up to the time of the fire."

While the lease calls for the immediate report of the fire and repair of the property, it contains no stipulations for suspension of the rent and in no event could the tenant refuse permission to make the repairs and then complain that they were not made.

Nor does section 31 of the Landlord and Tenant act (*Comp. Stat.*, p. 3078), which provides that "whenever any building or buildings erected on leased premises shall be injured by fire, without the fault of the lessee, the landlord shall repair the same as speedily as possible, or in default thereof the

rent shall cease until such time as such building or buildings shall be put in repair," aid the defendant. This statute only modifies the common law under which the tenant was liable absolutely for the rent by requiring that the landlord shall repair the damage as speedily as possible and relieves from payment of rent only on the landlord's failure to repair when the fire shall be without the fault of the tenant. Here there was no failure to repair "as speedily as possible" (the tenant having refused permission), nor, as was essential, did the defendant meet the burden imposed on him to prove that the fire was without his fault. *Colonial Land Co.* v. *Asmus,* 77 *Atl. Rep.* 1022.

The judgment is reversed.