FLORENCE REALTY COMPANY, APPELLANT, v. BARNES
MANUFACTURING COMPANY, RESPONDENT.

Submitted May 29, 1931—Decided February 1, 1932.

For the appellant, *Philip J. Schotland.*

For the respondent, *Darling, Barnes & Dowden* (*Frederick M. Barnes,* of counsel).

The opinion of the court was delivered by

LLOYD, J.  The action in this case was by the landlord of a storage warehouse property to recover for the loss of the warehouse building by fire, claimed, under one count in the complaint, to be due to a use of the premises by the defendant, tenant of the property, in violation of the terms of the lease, and under other counts to the negligence of the employes of the tenant.  There was a nonsuit in the court below in so far as the grounds of liability were predicated upon a violation of the terms of the lease as alleged in the first count of the complaint, and a verdict and judgment for the defendant on the negligence charge.

The warehouse itself was a large building leased by the tenant from the American Grocers Society in 1920 for a period of ten years.  In April, 1922, the plaintiff purchased the property subject to the lease and thereafter the defendant attorned to it until June, 1925, when the building was de-

stroyed by fire. The lease provided that the defendant would not "do or cause to be done any matter or thing in and upon the demised premises by which the risk or hazard by fire over and above the risk and hazard incidental to the ordinary conduct of the business specified in the lease may be increased or enlarged," and it was averred in the first count of the complaint that the tenant used the space provided for trucks to be brought into the building for loading or unloading purposes as a garage for the storage of automobile trucks; that it maintained a gasoline tank, pump and connections for the storage of large quantities of gasoline for the use of its trucks and filled the tanks of the trucks therefrom on the inside instead of the outside of the building in violation of the lease, and that in consequence a fire destroyed the building.

As above stated, the learned trial judge who heard the case with a jury in the court below, deeming that there was no proof of violation of the terms of the lease, directed that a nonsuit be entered as to the first count of the complaint, and submitted to the jury the question of alleged negligence.

The plaintiff appeals and sets forth as grounds of appeal that there was error in the direction of a nonsuit on the first count, that there was error in the instruction to the jury and in the failure to instruct the jury in accordance with a request submitted by the defendant.

As to the nonsuit, at the time of the making of the lease there was on the premises a five hundred-gallon tank for the storage of gasoline to be used for supplying the motor trucks. To this tank there was attached a one-gallon pump (subsequently increased in size to a five-gallon capacity) to be used for pumping gasoline from the storage tank to the motor trucks operating from the building, and at the time of the making of the lease the storage tank contained approximately one hundred and twenty-five gallons of gasoline. Facing the warehouse was a loading bay wide enough and deep enough to permit the placing of four large trucks. At the time of the fire on June 23d, 1925, two trucks and a small tractor were in this loading bay. While the tank of one of the trucks

was being filled, there was a leakage of gasoline which flowed out to the sidewalk and became ignited. Further proof as to the origin of the fire itself seems not to have been produced.

It is here urged that this use of the loading bay constituted a violation of the lease. It is sufficient to say that the continuance of the storage tank and the loading of trucks and the filling of the gasoline tank and trucks were simply a continuation of the conditions and use of the building existing at the time of the lease and which it was contemplated by the parties should be continued thereafter. There was, therefore, no proof of a use that had increased the risk or hazard by fire "over and above the risk and hazard incidental to the ordinary conduct of the business specified in the lease.".

As to the instructions to the jury, the defendant's counsel asked the court to charge the jury as follows:

"If you find that the fire was caused by the gasoline which flowed on the floor igniting and such gasoline got on the floor through the careless or negligent operation of the pump by either of the chauffeurs who were using the pump, then your verdict should be for the plaintiff."

Instead of charging the request, the court charged the jury as follows:

"You are not called upon to say how this fire occurred. Perhaps no one knows. You are called upon to answer this one question: Did the fire occur, as the plaintiffs says it did, through the negligence of the defendant's servants?

"If you find that to be so, then of course you will find a verdict for the plaintiff. If you do not find that to be so, then you will find a verdict in favor of the defendant."

And further—

"If you find that the act of the defendant—and when I say 'the act of the defendant' I mean the act of the defendant or its servants and employes—did nothing more than furnish a condition by which the fire was made possible, and that the fire was caused by a subsequent independent act of a third party or agency, and the two acts were not concurrent and the existence of the condition was not the proximate cause of the fire, then your verdict must be for the defendant."

The appellant argues that the evidence disclosed negligence and that that evidence, if believed, conclusively exhibited a causal relation between such negligence and the fire which resulted, the origin of which appears to have been unknown.

We think the learned trial judge was correct in dealing with the request as he did and in his instructions to the jury. While gasoline is undoubtedly a dangerous commodity, and one who handles it is obliged to do so with reasonable care exercised by ordinarily prudent persons similarly situated, and the failure to exercise that care entails responsibility for the consequences reasonably to be expected to flow therefrom, it may well be that gasoline on the floor of a garage or other building where gasoline is freely used has in this day become so common (as will be attested by the casual observer who enters such a structure) and the absence of danger therefrom becomes so generally accepted as an incident to such use, that danger of fire may not be regarded as one of the results reasonably to be anticipated under circumstances as here presented. It was not only necessary under this phase of the case for the plaintiff to prove the negligence of the defendant's servants, but also to prove that such negligence was the proximate cause of the fire. Whether, therefore, in the case before us the leakage, which reached the floor and subsequently the highway and was there ignited, was a cause of the fire which resulted, or whether it was simply a condition without which the fire would not have occurred, became, as we think, a question for the jury, and the court was quite right in refusing to instruct the jury that the mere presence of the gasoline on the floor of the warehouse entrance through the negligence of the chauffeurs entitled the plaintiff to a verdict.

The judgment is affirmed.

*For affirmance*—THE CHIEF JUSTICE, TRENCHARD, CAMPBELL, LLOYD, CASE, BODINE, DALY, DONGES, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, KERNEY, JJ. 14.

*For reversal*—PARKER, J. 1.