17 N.J. Super. 422 (1952)
86 A.2d 287
ALBERT LEFEBER AND ELSIE LEFEBER, PLAINTIFFS-APPELLANTS,
v.
MICHAEL GOLDIN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 21, 1952.
Decided January 29, 1952.
*423 Before Judges McGEEHAN, JAYNE, and WM. J. BRENNAN, JR.
Mr. Bernard Shurkin argued the cause for appellants (Messrs. Sanderson & Engel, attorneys).
Mr. Michael Breitkopf argued the cause for respondent.
The opinion of the court was delivered by JAYNE, J.A.D.
It may be well at once to announce that this is an action in tort and not at all grounded upon an alleged breach of any contractual obligation.
It is acknowledged that on February 27, 1949, the plaintiffs were the owners of the apartment house identified as No. 11 Ampere Plaza, East Orange, New Jersey, and that the defendant was a tenant in possession and control of one of the apartments. On that day a fire occurred which apparently originated at or upon the gas range installed in the defendant's kitchen and damaged the demised premises. The plaintiffs prosecuted this action on the case in the nature of waste to recover compensatory damages from the defendant-lessee for the injury to the premises. The defendant was exonerated from liability and the plaintiffs appeal.
At common law, he in whose house or chambers a fire originated, whether occasioned by negligence or mere accident, was by the general custom of the realm held responsible *424 for the injurious consequences arising from its spread to other premises. Viscount Canterbury v. Attorney-General, 1 Phil. 306. The scope of the common law responsibility was diminished first by the statute 6 Anne, c. 31, which disburdened any person in whose house or chambers any fire shall "accidentally begin" and, secondly, by the statute 14 Geo. III, c. 78, which extended the immunity to any person "on whose estate" any fire shall "accidentally begin."
At common law, an action of waste was maintainable against a tenant in dower, tenant by the curtesy and a guardian by chivalry, but not against lessees for life or years with whom the owner could make provision in the demise against the commission of waste. 2 Inst. 299, 305; Coke Litt. 54. Then came the statutes of Marlbridge (52 Hen. III, c. 23) and Gloucester (6 Edw. I, c. 5) which imposed upon tenants a liability to the landlord for waste of the demised premises, but it would appear that the liability was likewise restricted by the statute 6 Anne, c. 31.
It is from that statute that we composed the following:
"No action shall be maintained against any person or recompense be made by any person in whose house or chamber any fire shall accidentally begin for any damage suffered thereby except as may otherwise be provided by any contract made between landlord and tenant."
Rev. 1877, p. 1236, sec. 8; C.S., p. 5791, sec. 8; R.S. 2:79-8.
It accordingly seems evident that a tenant has been exempted from liability whenever the fire in the demised premises accidentally originated. Interesting decisions were written on this subject in Moore ads. Townshend, 33 N.J.L. 284 (Sup. Ct. 1869) and in Dorr v. Harkness, 49 N.J.L. 571 (Sup. Ct. 1887).
Perhaps it should be mentioned that an owner or occupant of premises on which a fire originates accidentally is liable for the communication of the fire to the injury of others if he has been negligent in its escape. Read v. Pennsylvania R.R. Co., 44 N.J.L. 280 (Sup. Ct. 1882); Piraccini v. Director General of Railroads, 95 N.J.L. 114 (E. & A. *425 1920); Conrad v. Gerber, 106 N.J.L. 158 (E. & A. 1929); 22 Am. Jur. 601, sec. 10.
Where, as here, negligence is the gist of the action, the burden rested upon the plaintiffs to establish the negligence of the defendant by a preponderance of the evidence. The mere fact that the fire originated on the premises in possession of the defendant does not of itself constitute evidence of his negligence. There may be in a given case proof of such accompanying and surrounding circumstances as will aid in proving a prima facie case under the res ipsa loquitur rule. Menth v. Breeze Corporation, Inc., 4 N.J. 428, 436 (1950); 22 Am. Jur. 642 et seq.
The testimony of the witnesses at the trial of this action was not recorded stenographically, and we are accordingly restricted in our consideration of the evidence to the summarized statement of the evidence as settled and approved by the trial court. Rules 1:2-23; 4:2-6; Bayuk v. Feldman, 11 N.J. Super. 317 (App. Div. 1951).
Recognizing the advantageous opportunity of the trial judge to determine the weight and credibility of the conflicting testimony, we do not perceive any substantial reason to repudiate his findings of fact, nor do we detect in his decision any mistake or misapplication of the law.
The judgment is affirmed.