59 N.J. Super. 382 (1960)
157 A.2d 861
GEORGE W. SCHULTZ AND ELEANOR G. SCHULTZ, HIS WIFE, PLAINTIFFS-APPELLANTS,
v.
FRIEDA KNEIDL, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued February 1, 1960.
Decided February 5, 1960.
*383 Before Judges CONFORD, FREUND and HANEMAN.
Mr. Nathan Bernstein argued the cause for plaintiffs-appellants (Messrs. Slingland, Houman and Bernstein and Mr. William P. Westling, attorneys).
Mr. Archibald Kreiger argued the cause for defendant-respondent.
PER CURIAM.
In this action for damages by tenants for breach by the landlord of a covenant in the lease which it is contended obligates the latter to rebuild the building on the premises in the event of total destruction thereof by casualty, Judge Kolovsky, sitting in the Law Division, granted a cross-motion by defendant for summary judgment. In the opinion filed on the determination of the motion he held that the lease did not provide for restoration of the building in the event of total destruction by casualty, and that the factual question as to the degree of destruction by the fire here involved was so conclusively resolved by the evidence in favor of the hypothesis of total destruction as to make it necessary so to conclude as a matter of law. Schultz v. Kneidl, 56 N.J. Super. 575 (Law Div. 1959). We are in agreement with the conclusion of the court for the reasons therein stated, except that we express no opinion as to the rights and liabilities of the parties therein set forth respecting other provisions of the lease.
The conclusions of the trial court find additional support in two other considerations. First, plaintiffs' construction *384 of the first sentence of Article XIII (a) of the lease would have been perfectly and unambiguously expressed if the word "partially" had been omitted therefrom. Since every word of a writing should be accorded significance if reasonably susceptible thereof, the inclusion of "partially" in the sentence strongly supports the thesis that only partial damage or destruction, not total, was intended to operate to create the obligation of restoration of the building.
Second, it is to be noted that (b) of Article XIII deals with a contingency worded identically with that expressed in the disputed first sentence of (a). But (b) deals with a resulting limitation of the use of a portion only of the premises, an eventuality incongruous with the concept of total destruction thereof. Thus, again, the intent of the phrase "partially damaged or destroyed," as used in both (a) and (b) of the Article, would strongly appear to contemplate only partial damage or partial destruction, not total.
Affirmed.