73 N.J. Super. 324 (1962)
179 A.2d 774
SELMA LEVIN, PLAINTIFF-RESPONDENT,
v.
ISSAC FRISHMAN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Submitted on March 26, 1962.
Decided April 6, 1962.
*326 Before Judges GOLDMANN, FREUND and FOLEY.
Mr. Harold Kaplan attorney for appellant.
Messrs. Novins, Novins & O'Connor attorneys for respondent (Mr. Robert F. Novins, of counsel; Mr. William E. O'Connor, Jr., on the brief).
The opinion of the court was delivered by FREUND, J.A.D.
Defendant Issac Frishman appeals from a judgment of the Ocean County District Court awarding plaintiff Selma Levin, his former landlord, $800 for alleged damages to the leased premises while defendant was a tenant, and $25 for the balance of rent due under the lease.
The parties have submitted an agreed statement in lieu of record. R.R. 1:6-2. According to this statement, together with the exhibits received in evidence, plaintiff on May 5, 1959, by written agreement, rented to defendant a seven-room dwelling at Lakewood, N.J. for the term of one year commencing on May 15, 1959, at the annual rental of $1,800, payable in equal monthly installments of $150. During the term of the tenancy a fire of undetermined origin occurred in the vicinity of the kitchen stove and caused damage to the interior of the premises. Plaintiff *327 testified that she did not receive notice of any fire or damage until she visited the property after the expiration of the term, when the premises had become vacant. Plaintiff produced a contractor who testified as to the reasonable value of the repairs, which he estimated to be in excess of $400. At the close of plaintiff's case defendant moved to strike all testimony regarding the fire and the estimated cost of repairs for the reason that there was no allegation or proof that the fire was caused by the carelessness, negligence or improper conduct of defendant. The motion was denied.
Defendant testified that he had no knowledge as to how the kitchen fire started, although it occurred in or about October or November 1959, at a time when defendant and his wife were away from the house. When they returned in the afternoon they found the kitchen filled with smoke from a fire in the kitchen stove. He further testified that the stove had not been operating properly, and on at least one occasion it had been necessary to have a repairman make repairs because the stove controls were out of order. Defendant and his wife moved about a month later and sublet the premises to some other tenant. With respect to the balance of the rent, defendant explained that he had not paid the final $25 due under his lease since he and plaintiff had agreed to a reduction of rent in that amount. There was no testimony indicating that defendant or his subtenant was ever involuntarily deprived of the use and enjoyment of the premises.
The lease contains two provisions relevant to defendant's liability for fire damage. Under the first provision the tenant agreed:
"* * * to quit and surrender the premises, at the expiration of the said term, in as good state and condition as they were in at the commencement of the term, reasonable use and wear thereof and damages by the elements excepted."
The second provision states:
*328 "* * * it is further agreed between the parties to these presents, that in case the building or buildings erected on the premises hereby leased shall be partially damaged by fire, the same shall be repaired as speedily as possible at the expense of the said party of the first part [plaintiff-landlord]; that in case the damage shall be so extensive as to render the building untenantable, the rent shall cease until such time as the building shall be put in complete repair; but in case of the total destruction of the premises, by fire or otherwise the rent shall be paid up to the time of such destruction, and then and from thenceforth this lease shall cease and come to an end; provided, however, that such damage or destruction be not caused by the carelessness, negligence, or improper conduct of the party of the second part [defendant-tenant], his agents or servants." (Emphasis added)
The sole question raised on this appeal is whether plaintiff was required to bear the burden of proof that the damage to the leased premises was caused by the "carelessness, negligence or improper conduct" of defendant.
The first provision of the lease, requiring the tenant to surrender the premises in as good state and condition as they were at the commencement of the term, standing alone, would appear to obligate the tenant to repair the fire damage. Schultz v. Kneidl, 56 N.J. Super. 575, 579 (Law Div. 1959), affirmed 59 N.J. Super. 382 (App. Div. 1960); Pivnick v. Seaboard Supply Company, 30 N.J. Super. 605, 611 (Cty. Ct. 1954); 1 American Law of Property (1952), § 3.79, p. 349.
The hardship visited upon tenants because of this principle of law led to the adoption of R.S. 46:8-6 which provides:
"Whenever any building or buildings erected on leased premises shall be injured by fire, without the fault of the lessee, the landlord shall repair the same as speedily as possible. In default of such repair the rent shall cease until such time as the building or buildings shall be put in complete repair. This section shall not extend or apply to cases wherein the parties have otherwise stipulated in their agreement of lease."
Being remedial, this statute must be liberally construed in favor of tenants and must be held to include a complete *329 remedy for the recognized wrong it was intended to right. That object is plainly encompassed within its language. Pivnick v. Seaboard Supply Company, supra, 30 N.J. Super., at p. 611; Belsky v. Loeffler, 120 N.J. Eq. 352, 355-356 (Ch. 1936), affirmed 122 N.J. Eq. 422 (E. & A. 1937); Carley v. Liberty Hat Mfg. Co., 81 N.J.L. 502, 507 (E. & A. 1911). Clearly, the second provision of the lease relating to fire damage, which obviously was included for the benefit of the tenant, accords with the purpose of R.S. 46:8-6 and was intended to give effect to the statute. In the event of fire damage the landlord, not the tenant, specifically agreed to repair the premises. The second provision, therefore, controlled the application of the first provision.
In Allen v. Fisher, 66 N.J.L. 261 (E. & A. 1901), the court construed two somewhat similar covenants in a lease agreement. The first covenant required the tenant to deliver up the premises at the end of his term in the same good order and condition that he received the same, reasonable wear and tear, and damage by accidental fire, alone excepted. This provision relieved the lessee from responsibility, provided the damage to the premises resulted from a fire which was accidental. The second provision required that all repairs were to be made and paid for by the tenant. The court held that the true construction of these two provisions indicated that the tenant was only bound to make such repairs as were necessary for the preservation of the premises in the condition in which he received them from his lessor, except those required by reason of ordinary wear and tear or by reason of accidental fire.
The landlord could have specifically stipulated against a similar contingency by including an unequivocal provision in the lease that the tenant would be liable for damage caused by fire, or by eliminating the second provision from the lease. R.S. 46:8-6. Cf. Pivnick v. Seaboard Supply Company, supra, 30 N.J. Super., at p. 611; Carley v. Liberty Hat Mfg. Co., supra, 81 N.J.L., at p. 505. Rather *330 than including a provision in the lease eliminating her statutory liability, plaintiff expressly contracted to repair the premises in the event they were partially damaged by fire. The court will not make a better contract for plaintiff than she voluntarily made for herself, nor will we alter that contract to the benefit or detriment of either party, but will endeavor to give full effect to their declared intention. Deerhurst Estates v. Meadow Homes, Inc., 64 N.J. Super. 134, 148 (App. Div. 1960), certif. denied 34 N.J. 66 (1961); Mack v. Revicki, 47 N.J. Super. 185, 192 (App. Div. 1957).
Having established that defendant was not liable for damage to the premises unless caused by his "carelessness, negligence, or improper conduct," we turn to the issue of burden of proof and observe that the gravamen of the first count in the complaint is for damages caused by negligence. In contrast, the second count of the complaint alleges a breach of contract for $25 remaining due on the rent. Plaintiff essentially argues that her tenant committed waste to the property and seeks to recover compensatory damages from him for that waste. Consequently, the burden was properly placed on the landlord to establish negligence on the part of her tenant by a preponderance of the evidence and to prove that such negligence was the proximate cause of the fire. Lefeber v. Goldin, 17 N.J. Super. 422, 425 (App. Div. 1952); Florence Realty Co. v. Barnes Mfg. Co., 108 N.J.L. 308, 311 (E. & A. 1932). The mere fact that the fire originated when the premises were in the possession of the defendant does not of itself constitute evidence of his negligence. Lefeber v. Goldin, supra, 17 N.J. Super., at p. 425. Accordingly, plaintiff's failure to prove that her tenant's negligence was the proximate cause of the fire must defeat her claim for damages.
We must distinguish between the burden of proof, as here, with that in an action brought by the landlord for payment of rent in which the tenant defends on the basis of R.S. 46:8-6. Where the landlord claims unpaid rent, *331 the argument that the premises have been damaged, thereby relieving the tenant of his duty to pay rent until the building is put in good repair, is a defense which the tenant must prove if he would escape the payment of rent according to his lease. The burden of proof is then cast on him to show circumstances from which an inference may be drawn that the condition which he relies upon to relieve him was produced without his fault. Colonial Land Co. v. Asmus, 80 N.J.L. 637, 639 (Sup. Ct. 1910), affirmed 82 N.J.L. 521 (E. & A. 1911); Chausmer v. Arons, 7 N.J. Misc. 612, 614, 146 A. 674 (Sup. Ct. 1929).
On the issue of failure of the tenant to pay the remaining $25 due under the lease, the only defense offered was defendant's representation that the parties had agreed to reduce the rent by that amount. No written evidence or other persuasive proof was offered to substantiate this claim. Clearly the trial judge was justified in finding that no such understanding was arrived at to excuse defendant. R.R. 1:5-4(b).
The judgment is reversed and the cause remanded with directions to enter a judgment for plaintiff in the amount of $25. No costs.