**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1373-22

ARTHERINE PRICE,

    Plaintiff-Appellant,

v.

QUAKER BRIDGE MALL, LLC,
QUAKER BRIDGE MALL,
SIMON PROPERTY GROUP, INC.,

    Defendants-Respondents.

_____

        Submitted February 13, 2024 – Decided April 10, 2024

        Before Judges Mayer and Paganelli.

        On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-0579-20.

        Szaferman, Lakind, Blumstein and Blader, PC, attorneys for appellant (Stuart A. Tucker, on the briefs).

        Weiner Law Group, LLP, attorneys for respondents (Andrew L. Stern, on the brief).

PER CURIAM

Plaintiff Artherine Price appeals from a November 28, 2022 order granting defendants Quaker Bridge Mall, LLC, Quaker Bridge Mall, and Simon Property Group, Inc. summary judgment and dismissing her negligence cause of action with prejudice. We affirm substantially for the reasons articulated in the judge's well-reasoned and comprehensive oral opinion.

Price claimed on May 10, 2018 she twisted her ankle in the parking lot of the Quaker Bridge Mall. In her deposition, she explained she parked her car in defendants' parking lot and walked in the crosswalk to enter a store. She described the crosswalk as an area that separated the parking lot from the sidewalk. Price testified that her "ankle twist[ed]" and she almost fell. She stated she could not recall "feeling anything underneath [her] foot when her ankle twisted." Price explained she could not recall: (1) whether she was in the middle, left side, or right side of the crosswalk; (2) how far from the sidewalk she was; or (3) how far she walked in or how many steps she took in the crosswalk. She stated she had no idea where in the crosswalk the incident occurred. Further, Price testified she never saw anything in the crosswalk, before or after the incident, that caused her to twist her ankle. On the day of, but after the incident, she testified that she returned to the crosswalk with a security officer but she "could[ no]t point out a specific spot" where the incident

occurred. She stated the incident occurred "in the area where the pavement was cracked."

Further, Price testified that she and her son returned to the crosswalk a "couple days" after the incident. She stated she generally pointed out where the incident occurred and her son took a photograph. Price explained she "pointed him [to] where the pavement was cracked or broken." She believed the cracked or broken pavement caused her to twist her ankle.

In considering defendants' motion for summary judgment, the judge reviewed Price's deposition testimony. The judge explained there was no dispute Price was injured in defendants' parking lot. However, applying the preponderance of the evidence standard, and giving Price "all reasonable inferences," the judge found "there [we]re no genuine issues of material fact that would preclude the granting of summary judgment" because Price could not establish causation. The judge found Price "[wa]s unaware of the exact cause of her injury." The judge explained "[e]ven on the day that the injury occurred . . . she could not identify any particular cause." In addition, the judge stated, "even when her son went to the location a few days later, he took a photograph . . . generally . . . of the crosswalk where [Price] reported she twisted her ankle."

The judge found Price to be "a very candid individual" who "really d[id] no]t know what caused her injury." Finding "[t]he mere happening of an accident [was] insufficient to establish negligence" and "[a] mere allegation was insufficient to defeat summary judgment," the judge granted defendants' summary judgment.

On appeal, Price argues the judge erred because, while she acknowledges her deposition testimony posed inconsistencies regarding causation, a "jury could conclude at trial such inconsistencies adversely affected her credibility, but they do not provide a basis for the motion judge" to disregard the testimony and grant defendants' summary judgment.

We review the grant of summary judgment de novo, applying the same legal standards as the trial court. Green v. Monmouth Univ., 237 N.J. 516, 529 (2019).

> The judgment or order sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law. An issue of fact is genuine only if, considering the burden of persuasion at trial, the evidence submitted by the parties on the motion, together with all legitimate inferences therefrom favoring the non-moving party, would require submission of the issue to the trier of fact.

4

[R. 4:46-2(c).]

"If there is no genuine issue of material fact, we must then decide whether the trial court correctly interpreted the law." DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (quotations and citations omitted). "The factual findings of a trial court are reviewed with substantial deference on appeal, and are not overturned if they are supported by 'adequate, substantial and credible evidence.'" Manahawkin Convalescent v. O'Neill, 217 N.J. 99, 115 (2014) (quoting Pheasant Bridge Corp. v. Twp. of Warren, 169 N.J. 282, 293 (2001)). We review issues of law de novo and accord no deference to the trial judge's conclusions of law. Nicholas v. Mynster, 213 N.J. 463, 478 (2013).

"[A] negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages." Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (alteration in original) (citation omitted). "The plaintiff bears the burden of establishing those elements, 'by some competent proof[.]'" Ibid. (citation omitted). "Where[] . . . negligence is the gist of the action, the burden rest[s] upon the plaintiff[] to establish the negligence of the defendant by a

preponderance of the evidence." Lefeber v. Goldin, 17 N.J. Super. 422, 425 (App. Div. 1952).

Proximate cause is "a basic element of tort law" that "defies precise definition." Cruz-Mendez v. ISU/Ins. Servs. of S.F., 156 N.J. 556, 575 (1999). To establish causation, a plaintiff must prove the defendant's act or omission was both the factual and proximate cause of his or her injury. Id. at 574. The defendant's act or omission is the factual cause of an injury if, "but for the event, the [injury] probably would not have happened." Ibid. Proximate cause is "any cause which in the natural and continuous sequence, unbroken by an efficient intervening cause, produces the [injury] complained of and without which the [injury] would not have occurred." Conklin v. Hannoch Weisman, 145 N.J. 395, 418 (1996) (quotations and citations omitted).

"Summary judgment should be granted . . . 'against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.'" Friedman v. Martinez, 242 N.J. 449, 472 (2020) (citation omitted).

"It is critical that a trial court ruling on a summary judgment motion not 'shut a deserving litigant from his [or her] trial.'" Brill, 142 N.J. at 540 (alteration in original) (quoting Judson v. Peoples Bank & Trust of Westfield,

17 N.J. 67, 77 (1954)). "At the same time, we stress that it is just as important that the court not 'allow harassment of an equally deserving suitor for immediate relief by a long and worthless trial.'" Id. at 540-41 (quoting Judson, 17 N.J. at 77).

Having considered Price's arguments and applying the summary judgment standard, we are convinced defendants are entitled to a judgment as a matter of law. The judge's factual findings were supported by substantial evidence in the record and reveal there is no dispute of fact regarding causation. Price is unable to establish that "but for" defendants' action or omission she would not have twisted her ankle because she cannot establish the condition that caused her to twist her ankle. Under these circumstances she "fails to make a showing sufficient to establish" causation, an "element essential to [her] case." Friedman, 242 N.J. at 472. Therefore, defendants are entitled to summary judgment.

Any remaining arguments raised by Price are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

7

A-1373-22