**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2918-22

S.K.S.,[1]

    Plaintiff-Appellant,

v.

A.M.,

    Defendant-Respondent.

_____

        Submitted June 4, 2024 – Decided July 25, 2024

        Before Judges Natali and Puglisi.

        On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. L-3073-21.

        O'Cathain Law Group, LLC, attorneys for appellant (Walter A. Lesnevich, of counsel and on the briefs).

        Michael J. Muller, attorney for respondent.

PER CURIAM

---

[1] We utilize initials to protect the name of the alleged victim of domestic violence. See R. 1:38-3(d)(10).

Plaintiff S.K.S. appeals from an April 19, 2023 order granting summary judgment to defendant A.M. and dismissing her complaint with prejudice. Because a reasonable factfinder could have found for plaintiff, we reverse and remand for further proceedings.

On July 31, 2020, plaintiff filed a pro se complaint against defendant. Plaintiff alleged she had been in a four-and-a-half-year relationship with defendant, with whom she resided, and had been subject to domestic violence for four of those years. She claimed that on May 4, 2019, defendant assaulted her and she fled the apartment with only a suitcase of clothes; when she returned to retrieve her property, defendant prevented her from doing so. She also stated defendant pleaded guilty to simple assault as a result of the incident. Plaintiff sought restitution for her property and U-Haul rental, pain and suffering for "dealing with physical, verbal, and mental abuse for [four] years, for permanent damage" from the abuse, including suffering from anxiety and depression.

Defendant filed a pro se answer to the complaint, stating there was no basis for the claims because plaintiff "moved on her own volition," failed to provide any medical bills or a list of property and its value.

On June 17, 2021, plaintiff filed an amended complaint represented by counsel. Count one of the amended complaint, entitled negligence, alleged

defendant "accidentally inflicted harm upon [p]laintiff by physically striking her" on May 4, 2019 and July 12, 2019, and sought judgment against him. Count two, entitled punitive damages, alleged defendant "willfully attacked" plaintiff on those same dates "with the intent of inflicting physical harm" on her, which caused her "great pain and suffering." Plaintiff alleged defendant's "actions are within the statutory definition of punitive damages," and also sought judgment against him. Represented by counsel, defendant filed an answer and affirmative defenses to the amended complaint.

After the close of discovery, the parties submitted the case to arbitration, which plaintiff subsequently appealed. On March 17, 2023, defendant filed a motion for summary judgment. In her opposition to the motion, plaintiff provided an affidavit stating defendant intentionally hurt her by hitting and physically striking her on May 4, 2019 and July 12, 2019. She also provided to the court a copy of an invoice from Chilton Medical Center dated May 5, 2019, which was unaccompanied by a certification, report or explanation. The invoice reflected billing for two tests for sexually transmitted diseases, a pregnancy test, two x-rays, two CT scans of the head and spine, and an emergency room visit.

The court conducted oral argument on the motion on April 19, 2023. Although plaintiff's initial complaint sought reimbursement of medical

expenses, restitution for property and damages for emotional distress and pain and suffering, counsel confirmed plaintiff abandoned all but her claim for pain and suffering. For reasons unclear to us, both counsel and court nevertheless discussed the facts and addressed the lack of proof for the claims raised in her initial complaint.[2]

After discussing plaintiff's claims for emotional distress, which were unsupported by an expert report and therefore subject to dismissal, the court addressed her claim for pain and suffering. The court noted the only medical bill provided by plaintiff was for "diagnostic exams relating to [plaintiff's] shoulder, chest, head, and spine," but did not show the results of those tests. Plaintiff did not provide any documentation or medical reports from a treating physician or nurse to establish "any sort of injury of any kind or that any jury was caused by the defendant."

The court continued:

> Now, I recognize that the plaintiff can testify as to her version of the underlying incidents and what occurred between her and the defendant and what she claims occurred between her and the defendant. But what I do see is that there is no competent evidence of

[2] Defendant's statement of undisputed material facts primarily addresses the claims alleged in the initial complaint, and he likewise spent the majority of his merits brief in this court discussing those abandoned and superseded claims.

A-2918-22

what injuries she sustained or that those injuries were caused by the defendant.

The medical bill does not provide any diagnosis or the results of any diagnostic tests. And more importantly, no medical records have been produced or any medical reports provided. And as a result, plaintiff cannot prove causation or damages.

Based on this reasoning, the court granted defendant's motion for summary judgment and dismissed plaintiff's complaint.

This appeal follows, in which plaintiff argues the trial court erred by applying an incorrect standard of law and requiring plaintiff to submit quantifiable damages. Having reviewed the record in light of the applicable standard, we are persuaded the trial court erred in dismissing plaintiff's claim for pain and suffering. Because the claim for punitive damages in count two was dismissed based on the dismissal of the claim for pain and suffering in count one, that decision was also mistaken.

"We review a grant of summary judgment de novo, applying the same standard as the trial court." Catena v. Raytheon Co., 447 N.J. Super. 43, 52 (2016). Rule 4:46-2(c) provides that a motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a

judgment or order as a matter of law."  The court must "consider whether the competent evidential materials presented, when viewed in the light most favorable to the non-moving party, are sufficient to permit a rational factfinder to resolve the alleged disputed issue in favor of the non-moving party."  Brill v. Guardian Life Ins. Co. of Am., 142 N.J. 520, 540 (1995).

"To decide whether a genuine issue of material fact exists, the trial court must 'draw[] all legitimate inferences from the facts in favor of the non-moving party.'"  Friedman v. Martinez, 242 N.J. 450, 472 (2020) (alteration in original) (quoting Globe Motor Co. v. Igdalev, 225 N.J. 469, 480 (2016)).  "The court's function is not 'to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial.'"  Rios v. Meda Pharm., Inc., 247 N.J. 1, 13 (2021) (quoting Brill, 142 N.J. at 540).

"[A] negligence cause of action requires the establishment of four elements: (1) a duty of care, (2) a breach of that duty, (3) actual and proximate causation, and (4) damages."  Davis v. Brickman Landscaping, Ltd., 219 N.J. 395, 406 (2014) (alteration in original) (citation omitted).  "The plaintiff bears the burden of establishing those elements, 'by some competent proof[.]'"  Ibid. (citation omitted).  "Where[] . . . negligence is the gist of the action, the burden rest[s] upon the plaintiff[] to establish the negligence of the defendant by a

preponderance of the evidence." Lefeber v. Goldin, 17 N.J. Super. 422, 425 (App. Div. 1952).

After we excise the discussion and consideration of plaintiff's abandoned claims, the trial court was left with plaintiff's claim for pain and suffering, based on her allegation defendant struck her on two dates enumerated in the amended complaint and referenced in her affidavit. We recognize the trial court's difficulties in parsing through plaintiff's claims, which were not a model of clarity and shifted during oral argument. However, we are convinced that in ruling for defendant, the court conflated the proofs necessary to establish a claim for emotional distress with the proofs for pain and suffering.

We agree with the trial court's finding expert testimony is necessary to prove a claim for emotional distress, see Innes v. Marzano-Lesnevich, 435 N.J. Super. 198, 236 (App. Div. 2014) (citing Picogna v. Bd. of Educ. of Cherry Hill, 143 N.J. 391, 396-97 (1996)), and plaintiff does not dispute the dismissal of that claim. However, we part ways with the court's determination plaintiff needed documentation of a medical diagnosis in order to proceed with her claim for pain and suffering. This is particularly so in cases where domestic violence is alleged and the victim may be reluctant to seek medical treatment, although apparently plaintiff did so here. As the trial court noted, plaintiff may testify about the

alleged incidents on the two enumerated dates and the pain and suffering she claimed resulted from defendant's actions.

Where "a layperson's common knowledge is sufficient to permit a jury to find that the duty of care has been breached," an expert is not required. Davis, 219 N.J. at 407 (quoting Giantonnio v. Taccard, 291 N.J. Super. 31, 43 (App. Div. 1996)). That is because "some hazards are relatively commonplace and ordinary and do not require the explanation of experts in order for their danger to be understood by average persons." Hopkins v. Fox & Lazo Realtors, 132 N.J. 426, 450 (1993). Here, a reasonable jury could find duty, breach and causation based on plaintiff's testimony defendant struck her repeatedly because common knowledge could establish those elements.

Further, expert testimony is not needed to establish damages for a claim of pain and suffering; in fact, the opposite is true: a plaintiff may not present expert testimony in support of a claim for pain and suffering because it is a determination reserved for the jury. "No expert can properly aid a jury in determining what is just compensation for non-economic damages such as pain and suffering. . . . The value of pain and suffering is simply beyond the reach of science." Dehanes v. Rothman, 158 N.J. 90, 97 (1999). Therefore, plaintiff

was not required to provide an expert to establish damages for pain and suffering.

Viewing the facts in the light most favorable to plaintiff and drawing all legitimate inferences in her favor, we are persuaded a rational factfinder could resolve the dispute by finding for plaintiff. We therefore reverse the order granting summary judgment to defendant and dismissing plaintiff's complaint, and remand for further proceedings.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

9                                                                      A-2918-22