11 N.J. Super. 317 (1951)
78 A.2d 282
LILLIAN BAYUK AND EDWARD BAYUK, PLAINTIFFS-APPELLANTS,
v.
ROBERT FELDMAN, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 15, 1951.
Decided January 22, 1951.
*318 Before Judges McGEEHAN, JAYNE and WM. J. BRENNAN, JR.
*319 Miss Lillian Clawans argued the cause for plaintiffs-appellants.
Mr. Joseph N. Braff argued the cause for defendant-respondent (Mr. Arthur A. Sullivan, attorney).
The opinion of the court was delivered by McGEEHAN, S.J.A.D.
In the complaint filed in the Essex County District Court the plaintiff Lillian Bayuk alleged that she was struck by defendant's automobile and she demanded damages for the injuries she sustained; plaintiff Edward Bayuk, her husband, sued for consequential expenses and loss of consortium. After a trial before the District Court judge, sitting without a jury, judgment against the plaintiffs and in favor of the defendant was entered, and the plaintiffs appeal.
There was no stenographic record of the evidence or proceedings below. Pursuant to Rule 1:2-23 the plaintiffs prepared and served on the defendant a statement of the evidence; the defendant served objections thereto and proposed amendments thereof; and the plaintiffs' statement, together with the objections and proposed amendments of the defendant, were submitted to the court below for settlement. The appeal is before us on the statement of the evidence as settled and approved by the court below and its findings of fact and conclusions of law.
On March 2, 1948, the plaintiff Lillian Bayuk was injured while crossing Broad Street in Newark after 7 P.M. in drizzly weather. As she started to cross on the crosswalk, the traffic light was in her favor. At the time, the defendant's car, among others, was stopped awaiting change of the traffic light. She had reached a point a few feet from the far curb when defendant's car and she collided. The crucial question was whether the plaintiff ran into the defendant's car while the car was still stationary, or whether the car moved forward and struck her.
While the plaintiffs present all their argument under one point, we gather that they seek (1) new or amended findings *320 of fact by this court under Rules 1:2-20 and 4:2-6, (2) the reversal of the judgment below as against the weight of the evidence, and (3) the entry of judgment in favor of plaintiffs on the issue of liability and remand to the trial court for trial as to damages only.
While the plaintiffs state their argument to be that this court should make new or amended findings of fact, their real argument is that we should disregard a part of the statement of the evidence as settled and approved by the court below, namely, the part setting forth that the defendant testified that the umbrella of the plaintiff Lillian Bayuk struck the car and the handle of the umbrella struck her in the mouth. Plaintiffs point out that no such testimony was included in their statement of the evidence, but admit that it was included in the defendant's proposed amendments. They have printed in their appendix a copy of some abbreviated notes said to be an exact copy of the judge's notes of the testimony taken at the trial, and point out that the questioned testimony is not set forth in these notes. Also included in their appendix is an affidavit of the plaintiffs' attorney who tried the case below, stating that "there was no testimony that the umbrella struck the car and the handle struck her in the mouth."
Rule 1:2-26 sets forth the proper procedure for correcting or modifying the record on appeal, if a party claims that such record does not truly disclose what occurred in the court below. This procedure should be completed before the filing of briefs on appeal. Plaintiffs did not proceed under Rule 1:2-26. While we might well refuse to consider the plaintiffs' argument on this ground, we think that some comment should be made.
One of the most important reasons for the requirement of Rule 1:2-23 that in cases in which no stenographic record of the evidence or proceedings at the trial was made, the statement of the evidence or proceedings shall be settled and approved by the trial judge, is to provide a method for the settling of disputes between the parties as to whether any particular testimony set forth by any party, for inclusion in the record, truthfully states what occurred. It is a commendable *321 practice for a trial judge to make notes of the testimony during a trial, particularly in cases where no stenographic transcript is made, but there is no requirement in any case that a judge must make complete notes of all testimony. When a dispute arises as to whether any particular testimony was given at the trial, the trial judge is not prevented from including such testimony in the settled and approved statement of the evidence merely because it does not appear in his trial notes.
The inclusion in the plaintiffs' appendix of the affidavit of the plaintiffs' attorney, mentioned above, is highly irregular.
In the circumstances of this case, we consider only the statement of the evidence as settled and approved. Examination of this statement discloses that there was sufficient evidence to support the finding of the court below, and we see no justification for disturbing it. DeMoors v. Atlantic Casualty Insurance Company, 1 N.J. Super. 1 (App. Div. 1948).
The judgment is affirmed.