21 N.J. Super. 15 (1952)
90 A.2d 514
OTTO KALSON, PLAINTIFF-RESPONDENT,
v.
STAR ELECTRIC MOTOR COMPANY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued June 23, 1952.
Decided July 9, 1952.
*16 Before Judges McGEEHAN, JAYNE and GOLDMANN.
Mr. Sidney M. Schreiber argued the cause for appellant (Messrs. McKeown, Schreiber, Lancaster & Demos, attorneys; Mr. Roger F. Lancaster, on the brief).
Mr. Leslie S. Kohn argued the cause for respondent (Mr. Joseph A. Fuerstman, attorney; Mr. Frank A. Boettner, on the brief).
The opinion of the court was delivered PER CURIAM.
The judgment of the County Court is affirmed for the reasons expressed in the opinion below. 15 N.J. Super. 565 (Cty. Ct. 1951). Cf. Donofrio v. Haag Brothers, 10 N.J. Super. 258 (App. Div. 1950).
Appellant contends that the cause should be remanded to the Workmen's Compensation Division for a more complete record. The transcript of the hearing before the deputy commissioner as well as his oral opinion indicate that various conferences were held with him in chambers. Just what was disclosed or discussed is not in the record. Generally, it would appear that the conferences were concerned with the then physical condition of respondent and the question of surgical procedure. The conferences were undoubtedly held in *17 good faith, with the consent of all parties and in the hope of working out some solution of the controversy.
Where a party claims that the record does not truly and fully disclose what occurred at the hearing below there should be timely resort to the procedure set out in Rule 1:2-26 to correct the record. Appellant's request for a remand must be denied. The request to enlarge the record comes too late; it should have been diligently pursued below, in accordance with the rule, and cannot successfully be urged in the argument on appeal here. Bayuk v. Feldman, 11 N.J. Super. 317, 320 (App. Div. 1951), certif. den. 6 N.J. 615 (1951).
Further, appellant does not show just what, if anything, it was in the conferences with the deputy director that was material to its cause. We are not informed as to the nature of the matters contemplated to be added to the record, their relevance, pertinence or competence, or why they were not adduced at the hearing.
While giving due consideration to the opportunity of the deputy director to see and hear the various witnesses and to judge of their credibility, the County Court found it "impossible to attach any weight whatever to the possibility or even probability that disclosures at the conferences influenced his judgment," and determined the cause on the record before it. Our review of the evidence leads us to conclude that the County Court's evaluation of the extent of respondent's permanent disability finds sufficient support in the testimony. There is no reason to disturb its judgment.
Affirmed, with costs.